[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit by a home owner against a home improvement contractor, alleging breach of contract, failure to return a deposit, and violations of the Connecticut Home Improvement Act.
 I
An examination of the contract signed by the parties is dispositive of the issues between the plaintiff and the defendant, Marvin Lawes. The contract lacks a starting date and a completion date. Therefore, it is not valid or enforceable against the plaintiff. Section 20-429 (a)(7). Nor can the defendant recover in quantum meruit. Section 20-429 (f).
The plaintiff is therefore entitled to recover the amount of her deposit, $2,650.00, plus legal interest from April 27, 1994, the date of formal demand for return of the deposit.
 II
The plaintiff has joined Jennifer Lawes as a defendant, alleging that she and her then husband Marvin Lawes, were partners in the operation of "Lawes Siding Co.", a proprietorship. The evidence indicates that Mr. Lawes had this business before his marriage. His tax return indicates Lawes Siding Company was a sole proprietorship in his name. The state home improvement license was in his sole name. Mrs. Lawes answered the phone and signed checks. Since the office was at the couple's home and any employee can have the authority to sign checks, the court does not find this evidence convincing enough to label her a partner. As for her deposition testimony in which she answered that she was "part of Lawes Siding Company" and she and her husband were doing business together, this is not sufficient to create a legal partnership. In fact, those answers by Mrs. Lawes could be applicable to any number of sole proprietorship where the wife assists the husband in running a CT Page 13191 business. "Being a part of a business" and "doing business together" in layman's parlance do not necessarily create a partnership, particularly when the legal indicia are to the contrary.
Judgment may enter for the defendant, Jennifer Lawes.
 III
The defendant Marvin Lawes is liable under the Connecticut Unfair Practices Act for punitive damages by virtue of his violation of the Home Improvement Act.
The court's conclusion is that the violation was caused by a lack of knowledge rather than by an ulterior motive. Nevertheless, an award of counsel fees is appropriate.
In that connection, the court has examined the bill for counsel fees addressed to the plaintiff, seeking almost $7,000.00 — almost twice the amount of the judgment with interest. The court has examined the accompanying schedules and rates and concludes that $3,750.00 is fair and equitable under the circumstances.
CONCLUSION
Judgment may enter for the plaintiff to recover of the defendant Marvin Lawes:
Amount of retained deposit $2650.00
Interest, April 27, 1994 to December 23, 1997 966.51
Counsel fees 3750.00
$7366.51
Anthony V. DeMayo Judge Trial Referee